O’Neall, J.
delivered the opinion of the Court.
*193 The' science of special pleading has been often disparaged, and regarded more as a system of legal trick and chicanery, than as subservient to the ends of justice; but none who have correctly understood,or properly applied it, have ever doubted its admirable adaptation to the promotion of both cheap and speedy justice between parties. Its chief value is in narrowing debatable points between them, and thus saving the accumulation of costs, which must necessarily result from having every possible point of controversy in a cause, one of attack or defence. In .the hands of the skilful it is a most important auxiliary to the correct administration of the law: in the hands of the unskilful it is a dangerous weapon, as apt to injure him who handles and aims it, as'his adversary. The learned counsel concerned in this case, have, however, shown themselves to be too well versed in its rales and principles, not to appreciate its value, and to wield it with advantage.
The propriety of the joinder of different counts may in all cases present more or less of difficulty; but in cases of executors, and administrators, plaintiffs, or defendants, it frequently depends upon more subtle distinctions than are found in any others. The ordinary rule applicable to most cases is, that where the same plea may be pleaded, and the same judgment given ; or where the counts are of the same nature, and the same judgment is to be given on them all, though the pleas be different, they may be joined. 1 Ch. Pl. 197. This general rule covers the whole ground, and out of its application to the infinite variety of cases daily arising from the various transactions of men, the necessity of some other and more particular rules have arisen. The counts must be in the same right. Hence in actions ex contráctil, the plaintiff cannot join in the same action a demand as executor, with another in his own right. 1 Ch. Pl. 202. In most cases of this class tiffs rule enables the pleader to determine at once, whether two demands can or cannot be joined; but it often occurs, as in this case, that it is extremely difficult to say, when the demands are in the right of the testator or intestate, and when in that of his executor or administrator. To solve this difficulty, two tests have been resorted to: First, to ascertain whether the proceeds of the contract, when recovered, would be assets: Second, whether the executor or administrator, if he failed in the case, would be liable to costs. The first has been *194 long since overruled, 2 Saund. 117, d. note; and it always was wholly unsatisfactory: For in a Court of Law it is perhaps more perplexing to determine whether the fund would be assets, than t0 sa^ *n w^at tight the contract should be considered. The second is also liable to the same objection, for it requires us to decide, before it can avail us any thing, the very question, to the decision of which it is proposed to be applied. It furnishes therefore in itself, no test by which we can determine when counts have been properly or improperly joined.
Generally, where a demand is on a contract, expressed or implied, arising out of a sale of the goods and chattels of the testator or intestate, made by his executor or administrator; or out of a change or destruction of any of his choses in action, or rights, by the act or consent of his executor or administrator; then it is in the executor’s or administrator’s own right, and cannot be joined with a demand in the right of the testator or intestate. But where the demand is on an implied contract arising from some precedent debt or duty to the testator or intestate; or is on an express contract made with the executor or the administrator, as such, to confirm some express contract with the testator or intestate, and which could not otherwise be recovered; then it may be joined with a demand on a contract made with the testator or intestate in his life time. These propositions may not perhaps remove every difficulty which may arise on questions of this kind; they are however the best result which I have been enabled to obtain, from the many cases to be found in the books. In Hosier v. Lord Arundel, 3 Bos. & Pul. 7, the counts were on a bond to the testator, and a bond to the executor; and it was held, that they were'in different rights, and could not therefore be joined: nothing appeared in the case made on record, to shew that the bond to the executor was in any other than a present right. In the case of Foxwist v. Tremaine, 2 Saund. 207, counts for money had and received to the use of the testator, and for money had and received to the use of the executors, as such, for a precedent debt due to the testator, were held to be properly joined as being in the same right. In Ord v. Fenwick, 3 East. 104, counts for money paid by testator, and for money paid by the executrix were joined, and judgment was rendered for the plaintiff. Lord Ellenborough in deciding that case put the proper distinction: He said, “ but if we can suppose a case *195 where the money must have been paid by her as executrix, and for which she must intitle herself to recover, as such, the judgment may be sustained.” Mr. Chitty in his Treatise on Pleadings, X vol. 204, says, so money had and received by the defendant to the use of the plaintiff as executor, and an account stated with him as executor, of moneys due to the testator, or to plaintiff as executor, may be joined with the counts on promises to the testator.” In the ease of Jamison v. Lindsay, 1 Bailey, 80, the late distinguished Judge Nott thought the plaintiff would not have been liable to costs, in a case where he had counted on a note made to his intestate, and also on a fresh promise to himself as administrator, made after the note was barred by the statute of limitations. In 2 Saund. 117, d. note, it is said “ but perhaps an insimul computasset with the plaintiff as executor, for money due to the testator, may be joined to a count on a prom-. ise made to the testator; for the accounting with the executor, does not give any new duty, but only sustains that which was due before, and therefore the duty to the testator is not altered thereby.”
Indeed it must be conceded, that wherever it appears on the face of the declaration, that the counts are on a cause of action belonging to the testator or intestate, and that the executor’s or administrator’s right to recover depends upon his being the representative of the deceased, they may be properly joined. This generally depends upon the manner in which the demand is laid in the declaration; when it is laid as a promise to or contract with A. B. executor of C. D. the words executor of C. D. are merely descriptio persona, and the promise is in the executor’s own right: but if it is laid as a promise to, or contract with him as executor, it shews that it was made to, or with him in the right of his. testator, and his representative character is an essential part of his title to recover. In Petrie v. Hannay, 3 T. R. 660, Buller, J. said, that <! it was the. constant practice to join in the same declaration several counts for money had and received to the use of the testator and to the use of the executor as such.” That case was not, it is true, decided on this point; but yet even the dictum of such a Judge as Mr. Justice Buller, than whom a more learned pleader never sat on the bench of England, is on such a question intitled to great weight. In Foxwist v. Tremaine the form of the decláration is *196 in accordance with the practice stated by Mr. Justice Buller in the case of Petrie v. Hannay. There, however, the declaration was for so much money had and received to the use of the plaintiffs as executors, for a debt due to their testator in liis life time.
The declaration in the case before us counts, first for money had and received to the use of the intestate in his life time, and second, for so much money had and received to the use of the plaintiff as his administrator: The bill of particulars under the second count, is for so much money received by defendant’s intestate, from or belonging to the plaintiff’s intestate after iiis deadi. The cause of action in the second count therefore appears as completely to be in the right of the intestate as in the case of Foxwist v. Tremaine. The plaintiff could not sue for it in his own right, for it was not received to his use: It was only when in point of law by administering on the intestate’s estate, he became intitled to receive it, that he could charge it to be received to his use as administrator. His legal right to recover and receive it depends upon his administration. He could not therefore claim it in any other right, and it is well laid as received to his use as administrator, when accompanied by a bill of particulars, which shews that it-was for a precedent debt or duty to the intestate, and not to the administrator personally.
The counts, were therefore properly joined and the motion to reverse the .decision of the judge below on the demurrer is granted.
Judgment reversed.